LUTU S. of Fagatogo, Plaintiff

v.

MALIA of Fagatogo, Defendant

No. 175-1965

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Asila" in Fagatogo]

December 10, 1965

Lutu, *pro se.*
Lauvale, Counsel for Malia.

OPINION OF THE COURT

ROEL, *Associate Justice.*

On July 2, 1965, Plaintiff filed a petition seeking to evict the Defendant from the Plaintiff's land named Asila, located in the Village of Fagatogo. The Defendant did not file any written answer up to the time of the trial.

The members of the Court viewed the land in question and the house where Defendant lives, on the day of the trial.

At the trial Lutu took the stand on his own behalf. He testified that the land where the Defendant had her house and lived was the communal land of the Lutu Family; that

713

the name of the land was Asila. He further testified that the Defendant, Malia, was not a member of his immediate family or a member of any of the other three main families in the Lutu Family, Afoa, Tupua, or Taisele.

Lutu further testified that Malia first came to live with him and his wife, Salote, in 1959; that he agreed to have the Defendant live with them only because Salote insisted; that he later consented to allow Malia to build the present house on Lutu land, even though there was some objection from other members of the family; that the house was built at the end of 1961 or the beginning of 1962.

Lutu further testified that Malia had been chasing his children away from using the produce from his breadfruit tree; that Malia interfered with his children getting coconut fronds from his trees; that Malia was creating a nuisance by allowing a group of boys to practice with a musical band in the house day and night, to the point that the loud noise interfered with church services and the other matais in the family were complaining to him, Lutu; that they had to complain to the police about the noise coming from Malia's house; that Malia was not rendering services to him; that the land Asila where the Defendant had her house was Lutu Family land; that Malia's home was about 30′ by 20′ in size with cement pillars and open on the ground floor and a wooden palagi house on top of the cement posts; that he was asking the Court to evict Malia because she had lived on the land long enough and was causing dissension and arguments within the Lutu Family, and refused to serve him.

Under questioning by Lauvale, Counsel for Malia, Lutu testified that he had given Malia oral permission to build her house on the land; that there was no time limit set on the duration of the permission to live on the land, but that he now wanted to put an end to the permission. He acknowledged that Defendant's Exhibit Nos. 1 and 2 were the build-

ing permit notice and the application for permit to con-. struct a building; that the house had been built in 1962. When Lutu was asked what the approximate value of Malia's house was, he said it was worth $1,200; that this figure was just his estimate; that the estimate of $7,000 as the value of the house was too high; that he would be willing to pay Malia for the reasonable value of the house.

Defendant Malia took the stand and testified that Chief Lutu authorized her to live on the land, and made reference to the application to construct a building and the building permit (Defendant's Exhibit Nos. 1 and 2) ; that there was objection from some of the family members when Lutu permitted her to build the house; that she had lived with the Lutu Family since October, 1958, but that the house was not built until 1961 or 1962; that she had planted some flowers and ta'amus on the land around the house; that she had been serving Lutu since 1958; that she had not kept Lutu's children from using the fruits from the trees; that she was kind to Lutu's children; that the missing coconut tree near the house had been removed by Government personnel; that Lutu had told her to go ahead and put up the house and that he would take care of the objections; that she put up her house and then went to the States (mainland) for several years and returned recently.

In answer to Lutu's questions, Malia testified she was related to Fesili from the Village of Masefau, that to her understanding Fesili had Lutu blood; that she, Malia, was a stranger in the Lutu Family; that she is presently separated from her husband and now has only two children living with her, an adopted child and a grandchild; that before she came to live with Lutu, she lived with the Ifopo Family in Fagatogo and before that with the Pritchards and before that in her father's family, Ifopo; that she had last served Lutu in April, 1965, not strictly in the Samoan custom but only if Lutu asked; that the cost of the house was

about $6,000, including the electricity and water bills; that the actual cost of the house was between $3,000.00 and $4,000.00; that the size of the house was 20 feet by 26 feet; that she did not give any thought to the limitation of time of the permission when she built the house.

After considering the testimony and the evidence, it is the unanimous opinion of this Court that Plaintiff Lutu should prevail in his petition for eviction against the Defendant pursuant to other conditions set out in this decree.

This Court has held in a number of cases of this type where one person, not a blood-member of the family, there being no lease and no conveyance, that the occupant has a license only, without possessing any estate or interest in the land. There is no intention on the part of the matai, in acting on behalf of the family, to grant an estate or interest in the land. See *Sa-Lemeanai Family, et al. v. Tomasi and Tulei*, No. 22-1951, High Court of American Samoa; *Heirs of Lemeanai Family v. Iosia of Tafuna*, No. 20-1953, High Court of American Samoa; *T. Magalei, et al. v. R. S. Tago Sianava*, No. 23-1955, High Court of American Samoa; *Lutu, et al. v. Seeseei Petelo*, No. 15-1956, High Court of American Samoa.

Here the evidence indicates, and we believe, that the defendant, Malia, has failed to serve Lutu for some time, has engaged in disagreeable relations with members of the Lutu Family, and has created or allowed a nuisance to the Lutu Family and to the public by use of the property for continued, prolonged and offensive noise. We believe there is sufficient reason for revocation of the license by Lutu.

This Court has in the past also held that parol licenses are revocable even though the licensee has expended funds in reliance upon the license. Defendant Malia has expended a substantial amount of money building the house in question. The Court viewed the land and the house prior to the hearing in the presence of all the parties.

716

The question then arises as to whether a matai may legally revoke the license after Malia in reliance on it has built a house thereon after the license was executed.

"A license is 'An authority to do a particular act or series of acts upon the land of another without possessing an estate or interest therein.' " *Palley v. Ford,* 190 Ky. 579, 229 S.W. 1007, 1008; *Haas v. Brannon,* 99 Okl. 94, 225 Pac. 931, 936; Black's Law Dictionary (3rd Edition).

"The Courts of many states uphold the general rule that a parol license to do an act on the land of the licensor, while it justifies anything done by the licensee before revocation, is nevertheless revocable at the option of the licensor, and this although the intention was to confer a continuing right, and money has been expended by the licensee on the faith of the license." 33 Am.Jur. 410 citing *Hicks Bros. v. Swift Creek Mill Co.,* 133 Ala. 411, 31 So. 947, 57 L.R.A. 720 and a number of other cases.

"In some cases, the view is taken that under the rule that a license is revocable although expenditures on the faith of it have been made, the licensee is not entitled to compensation for the cost of such expenditures or improvements upon the land of the licensor (citing *Foster v. Browning,* 4 R.I. 47). A majority of the cases, however, support the contrary view. According to these cases, if a license is revocable, the licensee, as between the parties, upon the revocation by the licensor of a license for the use of the latter's real property, is entitled to compensation or reimbursement for expenditure made by the former upon the property on the faith of the license." 33 Am.Jur. 411 citing *Wynn v. Garland,* 19 Ark. 23 and many other cases.

We think that under the circumstances of this case the license is revocable. We also think that the rule declaring that the licensee is entitled to compensation for expenditures made in reliance on the license is more in accordance with the principles of fair justice than the rule that he is not.

717

The Court is of the unanimous opinion that the land, Asila, where Defendant Malia's house is situated, is Lutu Family land; that Malia is not a member of Lutu's Family; that Malia built her house thereon in reliance to a license granted to her by Plaintiff, Lutu; that said license is revocable on the part of Lutu, and that the house belonging to Malia has a present reasonable and fair value of Three Thousand ($3,000.00) Dollars.

The Court is of the unanimous opinion and it is hereby ORDERED, ADJUDGED AND DECREED that Plaintiff Lutu, is entitled to have Defendant Malia evicted from the land in question; that said eviction should be conditioned as follows: If Plaintiff Lutu pays Malia the amount of $3,000.00 within 6 months of the filing of this decision, Malia is to pass title of the house to Lutu and leave the land within 6 months after said payment. If Lutu fails to pay Malia $3,000.00 within six (6) months after the filing of this decision, then Malia will have a right to remain in the house and on the land for a maximum of four (4) years after the filing of this decision and at the end of said four (4) year period she is to leave the land with the right to disassemble and to carry away the upper part of the house and leave the lower part of the house on the land. Of course, Malia may leave the land and carry the upper part of the house away at any time after the expiration of the six (6) months during which Lutu can pay her the $3,000.00 for the house and before the expiration of the four (4) years after the filing of this decision if Lutu fails to pay her the $3,000.00 for the house within six months from the date of the filing of this decision.

Court costs in the amount of $12.50 to be paid by Defendant Malia within 30 days.

Done this 10th day of December, 1965.